**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2021 Apr 29 1:27 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. CT-1719-21

( ● ) Lawsuit
( ○ ) Divorce

Ad Damnum $ _____

| JOLANDA WRIGHT, INDIVIDUALLY and AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MYA M. TAYLOR | VS | RETZER GROUP, INC. d/b/a MCDONALD'S #3330 |
|---|---|---|

Plaintiff(s)                                                                  Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

Retzer Group, Inc.
c/o Michael Retzer
1861 S. 3rd Street
Memphis, Tennessee 38109

Method of Service:
( ○ ) Certified Mail
( ○ ) Shelby County Sheriff
( ○ ) Commissioner of Insurance ($)
( ○ ) Secretary of State ($)
( ○ ) Other TN County Sheriff ($)
( ● ) Private Process Server
( ○ ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on **Harold F. Cook**                                    Plaintiff's

attorney, whose address is **620 W. 3rd Street, Suite 404, Little Rock, AR 72201**

telephone **(501) 255-1500**             within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____          By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

**EXHIBIT**
A

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 _21_ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                          By: _____
Signature of person accepting service                                      Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20 _____.

                                                            By: _____
                                                                 Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      JOLANDA WRIGHT VS RETZER GROUP INC

**Case Number:**    CT-1719-21

**Type:**          SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 04/29/2021 01:31:15 PM

ELECTRONICALLY FILED
2021 Apr 29 1:07 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE _____ JUDICIAL DISTRICT AT MEMPHIS

**JOLANDA WRIGHT, INDIVIDUALLY
and AS SPECIAL ADMINISTRATOR OF
THE ESTATE OF MYA M. TAYLOR**

      Plaintiff,

**v.**

**RETZER GROUP, INC.
d/b/a MCDONALD'S #3330**

      Defendant.

NO. _____

Division _____

## COMPLAINT FOR PERSONAL INJURIES
## JURY TRIAL DEMANDED

### COMPLAINT

COMES NOW Plaintiff JOLANDA WRIGHT, Individually, and as Special Administrator of the Estate of Mya M. Taylor, by and through her undersigned counsel, COOK & COSSIO, and for her cause of action against Defendant RETZER GROUP, INC. d/b/a McDonald's #3330, respectfully files Plaintiff's Complaint as follows:

### I. JURISDICTION AND VENUE

1.    This claim is brought pursuant to this Court's jurisdiction over personal injury claims predicated on negligence. All wrongs complained of herein occurred within this jurisdiction and within one year preceding the filing of this action.

2.    Plaintiff has suffered losses and damages in excess of the amount required for Federal Court diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Complaint
*Wright v. Retzer, Inc.*
Page 1 of 10

3.     Venue is proper under Tenn. Code Ann. § 20-4-102 in that the incident herein complained of occurred in Shelby County, Tennessee.

## II. PARTIES TO THE CLAIM

4.     At all times relevant to this cause of action, Plaintiff JOLANDA WRIGHT (hereinafter "Plaintiff") has been lawfully appointed Special Administrator and personal representative of the Estate of Mya M. Taylor, and is a citizen of Shelby County, Tennessee.

5.     Defendant RETZER GROUP, INC. d/b/a McDonald's #3330 (hereinafter "Defendant Retzer") is a domestic for-profit business registered to do business in the City of Memphis, Shelby County, State of Tennessee, and can be served with process via its registered agent as follows:

> Michael Retzer
> 1861 S. 3rd Street
> Memphis, Tennessee 38109

## III. STATEMENT OF THE CASE

6.     On or about May 2, 2020, at approximately 2:00 a.m., Mya M. Taylor was a business invitee of Defendant Retzer's McDonald's restaurant located at: 1666 Winchester Road, Memphis, Shelby County, Tennessee, 38116.

7.     At said time and place, Mya was a front seat passenger in a vehicle waiting in the McDonald's restaurant drive thru service line, when she was shot.

8.     Upon information and belief, Mya was struck in the back by a gunshot fired into the vehicle she was occupying.

9.     Following the arrival of law enforcement and emergency medical personnel at the

scene, Mya was transported to Methodist Hospital-South for emergency surgery and treatment.

10.    Mya was pronounced deceased at 3:01 a.m. by Methodist Hospital-South emergency medical personnel as a direct result of a gunshot wound suffered on Defendant Retzer's premises.

## IV. NEGLIGENCE OF DEFENDANT RETZER GROUP, INC.

Plaintiff hereby incorporates by reference, all previous paragraphs as if fully set forth herein, and further asserts for his cause of action the following particulars:

11.    Defendant Retzer at all times prior to, and during the incident forming the basis of this lawsuit, was the owner, occupant, proprietor, and operator of the business described herein, holding itself out as a restaurant business entity inviting members of the public to its premises.

12.    Mya M. Taylor was a patron and business invitee of Defendant Retzer whose patronage benefited Defendant Retzer.

13.    Defendant Retzer breached the duty owed to Mya M. Taylor by failing to use ordinary care and exercise reasonable diligence to maintain and secure the premises in a reasonably safe condition on the date of the incident forming the basis of this lawsuit.

14.    Defendant Retzer breached the duty owed to Mya M. Taylor by failing to exercise reasonable diligence and ordinary care to discover and prevent acts of violence as suffered by Mya M. Taylor on the date of the incident forming the basis of this lawsuit.

15.    Defendant Retzer breached the duty owed to Mya M. Taylor by failing to exercise reasonable diligence and ordinary care to render assistance to Mya M. Taylor in order to prevent

injury and subsequent death on the date of the incident forming the basis of this lawsuit.

16.     Defendant Retzer knew, or should have known by the exercise of reasonable care and diligence from a reasonably prudent person perspective, that the probability of a harmful event was foreseeable and likely to happen if reasonable steps were not implemented to prevent the occurrence of a similar incident as the one forming the basis of this lawsuit.

17.     The negligent, careless, and reckless acts and omissions, and conscious indifference as to the consequences by Defendant Retzer consisted of one or more of the following:

> a.  Defendant Retzer failed to maintain and provide adequate safety and security and employee staffing and training to prevent injury to Mya M. Taylor;
>
> b.  Defendant Retzer failed to maintain and provide adequate safety and security policies, procedures, and programs to prevent injury to Mya M. Taylor;
>
> c.  Defendant Retzer failed to exercise proper oversite, direction, supervision, and control of its safety and security policies, procedures, and programs to assure Mya M. Taylor was adequately and properly protected from injury;
>
> d.  Defendant Retzer failed to properly deploy adequate safety and security personnel on its premises to prevent injury to Mya M. Taylor;
>
> e.  Defendant Retzer failed to exercise proper oversite, direction, supervision, and control over safety and security policies, procedures, and personnel to prevent injury to Mya M. Taylor;
>
> f.  Defendant Retzer failed to warn Mya M. Taylor of the unsafe conditions on the premises it owned, operated, and/or controlled;

Complaint
*Wright v. Retzer, Inc.*
Page 4 of 10

g.   Defendant Retzer knew, or should have known, that events similar to the one that caused Mya M. Taylor's injuries and subsequent death had previously and recently occurred on the premises it owned, operated, and/or controlled, or in close proximity to its premises;

h.   Defendant Retzer knew, or should have known, under the totality of circumstances that the nature, condition, location, and proximity of its premises to prior similar incidents made Mya M. Taylor's injuries and subsequent death foreseeable; and

i.   Defendant Retzer knew, or should have known, that in the thirty-six (36) months preceding the incident forming the basis of this lawsuit, the City of Memphis, Tennessee Police Department received, reported, and/or responded to Two Hundred Sixty-four (264) known requests for police service and crimes on the premises it owned and/or controlled, including, but not limited to:

   i.     Fourteen (14) Aggravated Assaults and Assault Calls;

   ii.    Seven (7) Robbery Calls;

   iii.   Fifteen (15) Armed Person Calls;

   iv.    Three (3) Shots Fired Calls;

   v.     Five (5) Drug Activity Calls;

   vi.    Four (4) Solicitation Calls;

   vii.   One (1) Organized Crime Call;

   viii.  One Hundred Twenty (120) Disturbance Calls;

ix.   Eight (8) Fight Calls;

x.   Twenty (20) Suspicious Person Calls;

xi.   One (1) Murder;

xii.   One (1) Kidnapping Call;

xiii.   One (1) Forcible Fondling Call;

xiv.   Five (5) Intimidation Calls;

xv.   Two (2) Auto Theft Calls; and

xvi.   Seven (7) Vandalism Calls

18.     Defendant Retzer knew, or should have known, in the thirty-six (36) month period preceding the incident forming the basis of this lawsuit, that the criminal activity on the premises it owned and/or controlled, and on other contiguous commercial business locations within close proximity, that a similar incident such as the one involving Mya M. Taylor would occur, if adequate and appropriate safety, security, and protection programs, policies, and procedures were not implemented and maintained.

19.     Defendant Retzer failed by omission, pretermission, or commission to exercise proper oversite, direction, and control and failed to implement and maintain an adequate incident/occurrence reporting system and/or policy and procedure which would have identified the inherent risk to business invitees and guests that a harmful event was foreseeable and likely to happen if reasonable steps were not implemented to prevent the occurrence of a similar incident as the one forming the basis of this lawsuit.

20.     Each and every, all and singular, of the foregoing acts and omissions, on the part

of Defendant Retzer, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and subsequent death suffered by Mya M. Taylor, as set forth herein.

21.     The negligence of unknown employees and staff of Defendant Retzer for failing to use reasonable care to prevent the injury and subsequent death of Mya M. Taylor, taken separately and/or collectively, constitute a direct and proximate cause of the damages suffered by Plaintiff and is imputed to Defendant Retzer as they were acting within the scope of their employment. To the extent necessary, Plaintiff hereby invokes the doctrine of *respondeat superior*.

## V. DAMAGES

Plaintiff hereby incorporates by reference, all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following statutory damages in the following particulars:

22.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has sustained, and will continue to sustain, damages including, but not limited to, the following:

      a.      Reasonable and necessary past medical care and expenses for the care and treatment of Mya M. Taylor's injuries in Shelby County, Tennessee;

      b.      Last illness, funeral, and burial cost and expenses of Mya M. Taylor;

      c.      Physical pain and suffering in the past;

      d.      Mental anguish in the past; and

      e.      Mental anguish in the future.

23.     By reason of the aforementioned, Plaintiff incurred these losses, expenses, and

damages as a direct result of the conduct of Defendant Retzer in an amount to be proven at trial.

## VI. EXEMPLARY DAMAGES

Plaintiff hereby incorporates by reference, all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following in exemplary damages in the following particulars:

24.     When viewed from the standpoint of Defendant Retzer at the time of the acts and omissions, pretermissions, and commissions its conduct involved an intentional disregard and/or entire want of care as to raise a presumption of conscious indifference to the consequences of the known risk and danger to visitors, guests, and patrons considering the occurrence of recent similar acts of violence as identified herein, and as suffered by Plaintiff.

25.     Defendant Retzer had actual and subjective awareness of the risks involved in intentionally disregarding and/or an entire want of care as to raise a presumption of conscious indifference to the consequences of the known danger to visitors, guests, and patrons of its business, by intentionally, recklessly, and knowingly ignoring and omitting incident reporting and disregarding prior acts of violence on the premises, including acts of violence against and reported by its employees and staff, which placed Mya M. Taylor's health, safety, and/or welfare in jeopardy.

26.     Defendant Retzer had actual, and subjective awareness of the risk involved in the aforementioned acts of previous crimes committed against and reported by its employees, visitors and business invitees, consciously choosing to disregard the consequences by failing to assess the risk of a foreseeable crime, maintain adequate safety and security and crime prevention measures,

and failing to protect the rights, safety, and/or welfare of Mya M. Taylor. Said omissions, pretermissions and commissions raise a presumption of conscious indifference to the consequences.

27.     As a result of Defendant Retzer's willful, wanton, grossly negligent, and consciously indifferent conduct and disregard of its social obligations, Plaintiff is seeking exemplary damages in the amount of $2,000,000.00.

28.     Plaintiff requests a *Hodges* review of any punitive damage award and the fact finder be instructed to consider Defendant Retzer's: (a) financial affairs, financial condition, and net worth; (b) nature and impact of conduct on the Plaintiff; (c) awareness of the amount of harm being caused; (d) duration of the conduct; (e) expense borne in an attempt to recover the losses; f) profit obtained in order to deter similar future behavior; and (g) known or attempted remedial action for actual harm caused.

## VII. JURY DEMAND

29.     Plaintiff respectfully demands a trial by jury.

## VIII. PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant Retzer Group, Inc.: that Plaintiff be awarded post-judgment interest at the maximum rate allowed by law; that Plaintiff be awarded costs of court, expenses, and attorneys' fees; and that Plaintiff be granted all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

Complaint
*Wright v. Retzer, Inc.*
Page 9 of 10

_Harold F. Cook_
Harold F. Cook, TN Bar No. 025965

**COOK & COSSIO**
620 W. 3rd Street, Suite 404
Little Rock, AR 72227
Phone: (501) 255-1500
Fax: (501) 255-1116
hcook@cookandcossio.com

*Attorney for Plaintiff*

Complaint
*Wright v. Retzer, Inc.*
Page 10 of 10